IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW JAMES DRISKEL,

    Petitioner,                    No. CIV S-07-1460 MCE JFM P

    vs.

DIRECTOR SECRETARY JAMES TILTON, et al.,

    Respondents.              ORDER

                                  /

         Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. This court will not rule on petitioner's request to proceed in forma pauperis.

         Petitioner challenges the revocation of his parole following a May 19, 2007 traffic stop in San Bernardino County. Consequently, the instant petition is one for review of the execution of a sentence imposed by a California state court.[1]  See U.S. v. Pinjuv, 218 F.3d 1125, 1131 (9th Cir. 2000) (parole revocation proceedings "do not punish a defendant for a new

---

[1] Although it is not entirely clear from the petition where petitioner was convicted of the criminal offense for which he was on parole, it appears that he was paroled to San Francisco, California and thereafter returned to Victorville, California. San Francisco lies in the Northern District of California and Victorville is in San Bernardino County, which lies in the Central District of California. See 28 U.S.C. § 84(a), (c).

1

offense. Instead, they trigger the execution of the conditions of the original sentence for the offense of which the defendant has already been convicted.")  As a general rule, "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined." <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989).  Petitioner is incarcerated at San Quentin State Prison in San Quentin, County of Marin, which lies in the Northern District of California. See 28 U.S.C. § 84(a).

Pursuant to 28 U.S.C § 2241(d), courts in both the district of conviction and the district of confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners.  It does not appear that petitioner was convicted in this district, nor is he presently confined here.  For that reason, this court does not have jurisdiction to entertain the application. In the interest of justice, this court may transfer this action "to any other district where it might have been brought." 28 U.S.C. § 1404(a).  For the reasons set forth above, the most appropriate forum for the instant action is the district where petitioner is confined.  Therefore, in the interest of justice, this action will be transferred to the United States District Court for the Northern District of California.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This court has not ruled on petitioner's request to proceed in forma pauperis;

2. This matter is transferred to the United States District Court for the Northern District of California.  28 U.S.C. § 2241(d); 28 U.S.C. § 1406(a).

DATED: January 24, 2008.

UNITED STATES MAGISTRATE JUDGE

12
dris1460.108b